[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant, Information Leasing Corporation ("ILC"), appeals the judgment of the Hamilton County Court of Common Pleas dismissing a breach-of-contract action against defendants-appellees, Triangle Indian Market, LLC, G. Nagi Reddy, and D. Neeraia Reddy (collectively, "Triangle"). For the following reasons, we reverse the trial court's judgment and remand the cause for further proceedings.
ILC is an Ohio corporation, and Triangle is a business based in Cary, North Carolina. In June 2000, the parties entered into a contract under which Triangle leased an automatic teller machine from ILC. The agreement contained the following language in prominent type: "YOU AGREE THAT THIS AGREEMENT SHALL BE CONSTRUED AND GOVERNED ACCORDING TO THE LAWS OF THE STATE OF OHIO, AND YOU CONSENT TO THE JURISDICTION AND VENUE OF ANY COURT LOCATED IN THE STATE OF OHIO. YOU AND WE EXPRESSLEY [sic] WAIVE ANY RIGHT TO TRAIL [sic] BY JURY."
In June 2001, ILC filed an action alleging that Triangle had failed to meet its obligations under the lease agreement. Triangle filed a motion to dismiss for lack of personal jurisdiction under Civ.R. 12(B)(2). The trial court dismissed the action under the doctrine of forum non conveniens.
On appeal, ILC now argues that the trial court erred in dismissing the action on the basis of forum non conveniens. We agree.
We recently addressed this precise issue in a case that is factually indistinguishable from the case at bar.[1] In Information LeasingCorp. v. Baxter, a North Carolina business had leased an automatic teller machine from ILC pursuant to a contract containing a forum-selection clause identical to that in the instant case.[2] We held that the trial court had abused its discretion in dismissing the action under forum non conveniens.[3] We stated that, in the context of a commercial contract, a forum-selection clause provided a prima facie showing of personal jurisdiction and that, absent a demonstration of fraud or lack of notice, such a clause could not be vitiated by the common-law doctrine of forum non conveniens.[4]
Our holding in Baxter is dispositive of the case at bar. Here, the parties entered into a commercial agreement with the stipulation that any dispute would be resolved in Ohio. Triangle has not shown that it lacked notice of the forum-selection clause and has not demonstrated any fraud on the part of ILC. We therefore sustain the assignment of error. The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with law.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.
[1] See Information Leasing Corp. v Baxter, 1st Dist. No. C-020029, 2002-Ohio-3930.
[2] Id. at ¶ 8.
[3] Id. at ¶ 12.
[4] Id. at ¶ 8 and ¶ 12. In Baxter, we also discussed the defendant's contacts with the forum state. We noted that the failure of a party to pay money due on a contract results in a breach of the contract at the place where the money was to be paid. Id. at ¶ 9. Here, as inBaxter, the place of payment was Ohio.